**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES WALPOLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-77-SDD-SDJ** |
| **H&E EQUIPMENT SERVICES, INC., ET AL** | |

---

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 22, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES WALPOLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-77-SDD-SDJ** |
| **H&E EQUIPMENT SERVICES, INC., ET AL** | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Before the Court is a Motion to Remand (R. Doc. 5) filed by Plaintiff James Walpole on January 29, 2026. Defendants filed an Opposition (R. Doc. 13). For the reasons given below, the Court recommends that Plaintiff's Motion to Remand (R. Doc. 5) be **denied.** Subject matter jurisdiction is met under 28 U.S.C. §1332. The amount in controversy is facially apparent and therefore, the Court cannot consider Plaintiff's post-removal stipulation.

## I. BACKGROUND

Plaintiff filed this cause of action on December 12, 2025, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against the following Defendants: H&E Equipment Services, Inc. and Herc Rentals, Inc. (R. Doc. 1-1). Plaintiff alleges he began employment with H&E in 1973 as an assistant controller, becoming controller in 1977.[1] Plaintiff alleges he retired from full-time work in approximately 1996 or 1997, following a medical diagnosis. At that time, Plaintiff alleges H&E offered, and he accepted, a non-expiring payment

---

[1] R. Doc. 1-1 at p.3.

arrangement of $1,500 per month. Plaintiff alleges H&E intended for the payment to supplement Plaintiff's SSDI and long-term disability to reach approximately 80% of his former salary.[2]

Plaintiff alleges on December 1, 2020, H&E formalized this "decades-long payment arrangement" by executing a Letter Agreement purporting to classify Plaintiff as an independent contractor providing consulting services for fixed annual fee of $18,000, payable monthly. Plaintiff alleges the Letter Agreement states he "shall continue to provide to the Company the services as set forth in our initial agreement and understanding."[3] Plaintiff alleges the Letter Agreement provided for a term commencing January 1, 2021, on a month-to-month basis, subject to termination by either party "without cause upon thirty (30) days' written notice."[4]

Plaintiff further alleges in May 2025, Plaintiff received a written termination notice via certified mail to Plaintiff's former address, which Plaintiff claims he vacated in March 2021. Plaintiff alleges the current owners of his former address notified Plaintiff of the termination notice. Plaintiff then alleges he contacted H&E Corporate Counsel Wesley Hebert, who advised that Plaintiff would receive a final payment of $650. Plaintiff also claims he received a letter dated June 2, 2025, from Herc Rentals advising that Herc Rentals had acquired H&E and would "manage the previous business relationship" Plaintiff had with H&E.[5]

Plaintiff references three separate documents in the Petition, which form the basis of his claims: 1) the December 1, 2020 Letter Agreement; 2) the May 2025 termination notice; and 3)

---

[2] R. Doc. 1-1 at p.4.
[3] R. Doc. 1-1 at p.4.
[4] R. Doc. 1-1 at p.4.
[5] R. Doc. 1-1 at pp.4-5.

the June 2, 2025 letter from Herc.[6] Plaintiff did not attach these documents, and despite multiple attempts by Defendants' counsel to obtain copies of these documents, Plaintiff would not provide Defendants with copies of the documents quoted and referenced in his Petition.[7]

Plaintiff alleges H&E issued a final payment of $650.00 on June 5, 2025, and ceased all further payments.[8] Plaintiff alleges H&E breached the agreement by failing to make the full monthly payment of $1,500, issuing a final check for $650 payment, and ceasing all future payments. Plaintiff alleges the payments were terminated "without lawful cause and without regard for the thirty-year history of a non-expiring financial obligation incurred by the company" and the final payment issued failed to compensate Plaintiff for the full monthly amount owed. Plaintiff claims the "abrupt and unilateral termination of payments" has caused and will continue to cause damage because he is economically dependent on this income and will impact his tax classification status.[9]

Plaintiff alleges Herc Rentals is liable for all damages caused by H&E's breach and termination, both as H&E's successor and "pursuant to its own written notice stating it would 'manage the previous business relationship' Plaintiff had with H&E." Plaintiff alleges Defendants' actions constitute a breach of contract (both the original non-expiring agreement and the 2021 Letter Agreement) and detrimental reliance under Louisiana Civil Code Article 1967.[10]

Plaintiff seeks the following categories of damages: 1) loss of promised monthly payments of $1,500; 2) loss of future income stream and diminished retirement security; 3) mental anguish

---

[6] *See generally*, R. Doc. 1-1 at pp.2-8.
[7] R. Doc. 1 at 4.
[8] R. Doc. 1-1 at pp.4-5.
[9] R. Doc. 1-1 at pp.5-6.
[10] R. Doc. 1-1 at pp.6-7.

and emotional distress; 4) the outstanding balance of the final monthly payment ($850); 5) attorneys' fees and costs; 6) a mandatory injunction ordering Defendants to immediately reinstate the monthly payments of $1,500; 7) and all damages resulting from the alleged breach of contract and detrimental reliance, with legal interests, costs and all other legal and equitable relief to which Plaintiff is entitled in an amount determined by the trier of fact.[11]

On January 20, 2026, Herc removed the case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §1332. (R. Doc. 1). In its Notice of Removal, Herc asserts that diversity jurisdiction exists because the amount in controversy is met. Following removal, Plaintiff filed the instant Motion to Remand. (R. Doc. 5). With his Motion to Remand, Plaintiff filed an attached Irrevocable and Binding Stipulation. (R. Doc. 5-2). The Stipulation states: 1) the total value in controversy, including general and special damages, penalties, and attorney's fees, does not exceed $75,000; 2) Neither Plaintiff nor his counsel will accept an amount exceeding $75,000; and 3) Plaintiff renounces any portion of a judgment in excess of $75,000. Defendants H&E and Herc filed a Response in Opposition to Plaintiff's Motion to Remand. (R. Doc. 13).

## II. LAW AND ANALYSIS

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the

[11] R. Doc. 1-1 at pp. 7-8.

complaint. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed . . . ."). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).

**B. Amount in Controversy**

Plaintiff does not dispute that the parties are completely diverse. Thus, the only issue for this Court to decide is whether, at the time of removal, the amount in controversy exceeded $75,000. "When the complaint does not state a specific amount of damages, as in this case, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold." *James v. Malveaux*, 2017 WL 1366885, at *3 (W.D. La. Mar. 24, 2017). This burden can be satisfied either by demonstrating that the amount in controversy is "facially apparent" from the plaintiff's pleadings or "by setting forth the *facts* in controversy," with summary-judgment-type evidence, that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). And so, the district court must first examine the complaint to determine whether the amount in controversy is facially apparent; if it is not, only then may the court rely on summary-judgment-type evidence to determine the amount in controversy.

When "it is facially apparent . . . that the amount in controversy exceeds $75,000 at the time of removal," as is the case here, "post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores,*

*Inc*., 233 F.3d 880, 883 (5th Cir. 2000). Therefore, the Court cannot consider Plaintiff's post-removal Stipulation that attempts to reduce the amount in controversy to below the jurisdictional threshold. *See Hamilton v. Mike Bloomberg 2020, Inc.*, 2021 WL 5272218, at *2 & n.1 (5th Cir. Nov. 11, 2021) (While recognizing that "in limited circumstances later filings could be considered, i.e., if the basis for jurisdiction is ambiguous at the time of removal," the court here would not consider plaintiffs' post-removal stipulations reducing the amount in controversy as it was facially apparent from the Complaint.).

Here, Herc Rentals has shown that it is both facially apparent from the factual allegations and damages set forth in the Petition, along with facts set forth in the Notice of Removal, that Plaintiff's claims exceed the requisite jurisdictional amount in this case. According to the Petition, Plaintiff claims he was promised $1,500/month (or $18k annually) indefinitely. On this basis alone, Plaintiff's claim would exceed $75,000 in about four years, though Plaintiff's claim is not limited to four years. In addition to the economic damages, Plaintiff also seeks damages for mental anguish and emotional distress, making it even more likely Plaintiff's claim exceeds $75,000.

Although the Petition does not specify the amount of damages sought, Plaintiff declined to allege in his Petition that his damages were less than $75,000. Article 893 of the Louisiana Code of Civil Procedure generally prohibits parties from including the amount of damages they are seeking but permits a general allegation that the claim is less than the requisite amount to establish "the lack of jurisdiction of federal courts due to insufficiency of damages." Plaintiff had the opportunity, pursuant to La. Code Civ. P. art. 893, to include an allegation in his Petition that the amount he is claiming in damages is less than $75,000, but he declined to do so.

Further, Plaintiff seeks other damages, including loss of promised payment of $1,500, loss

of future income stream and diminished retirement security, mental anguish and emotional distress, the outstanding balance of the final monthly payment of $850, a mandatory injunction ordering Defendants to immediately reinstate the monthly payments of $1,500, and all damages allegedly resulting from the breach of contract and detrimental reliance. Plaintiff additionally claims his last payment was made in June 2025 and Defendants owe $1,500 for every month since. Accordingly, from the time of his last payment to the filing of his Petition, Plaintiff's claim for lost payments is at least $10,000. Thus, Plaintiff's lost payment claim in addition his claim for $1,500 per month for an indefinite period shows the amount in controversy will exceed $75,000.

Defendants have satisfied their burden to show the amount in controversy exceeds the jurisdictional amount. The Fifth Circuit is clear that post-removal stipulations may be considered "only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia* 233 F.3d at 883. As Defendants have set forth herein, and in the Notice of Removal, the basis for diversity jurisdiction is unambiguous. Accordingly, Plaintiff's post-removal stipulation does not deprive this Court of jurisdiction. *Id*. Defendants properly removed this action pursuant to 28 U.S.C. § 1332, establishing complete diversity and an amount in controversy over $75,000 at the time of removal.

## III. CONCLUSION

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 6) be **DENIED**, as this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Signed in Baton Rouge, Louisiana, on July 22, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**